UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-1-H

UNITED STATES OF AMERICA                                              PLAINTIFF

V.

WILLIAM A. SMITH JR. and
DONNA J. SMITH                                                        DEFENDANTS

**MEMORANDUM OPINION**

This is an action to reduce the tax assessments against William A. Smith, Jr. ("the

Taxpayer") for the 2000, 2001, and 2004 tax years to judgment, and to foreclose the federal tax

liens that encumber two parcels of real property owned jointly by the Taxpayer and his spouse at

113 Bonnie Lane, Louisville, Kentucky ("113 Bonnie Lane") and 8214 Twin Lakes Court,

Louisville, Kentucky ("8214 Twin Lakes").  The United States has moved for summary

judgment.  Defendants did respond, through not in a manner which sufficiently challenged the

validity of the judgment sought.  For the reasons that follow, the Court will sustain the motion.

I.

The Taxpayer did not file U.S. Individual Income Tax Returns (Form 1040) for the 2000,

2001, or 2004 tax years ("the tax years at issue").  As a result, the Service conducted an audit of

the income taxes that the Taxpayer owed for the tax years at issue.  Ultimately, a delegate of the

Secretary of the Treasury assessed Mr. Smith with federal income taxes for the 2000, 2001, and

2004 tax years for the tax periods and in the amounts as follows: 2000, $304,568.00; 2001,

$217,514.70; and 2004, $33, 484.80.

The Taxpayer was provided notice of the assessments and demand for payment, as

required by law.  In accordance with 26 U.S.C. § 6321, federal tax liens arose on the dates of each assessment described in paragraph 3.  The liens attached to all of the Taxpayer's property and rights to property, including his interest in the Properties.  Notice of federal tax liens were filed against the Taxpayer with the County Court Clerk of Jefferson County.

After this lawsuit was filed, in the summer of 2010, the Taxpayer and his spouse submitted joint income tax returns for the 2000, 2001, and 2004 tax years.  The Taxpayer also provided the Service with documentation concerning his income and the potential deductions.  This documentation included evidence of stock sales, account statements, and the work papers of an accountant.

The Internal Revenue Service reviewed this new evidence.  In particular, the Service reviewed the evidence provided by the Taxpayer to determine the basis (or cost) that the Taxpayer was entitled to claim for any of the stock that he sold during the tax years at issue.  The Service accepted that evidence and adjusted the Taxpayer's liability accordingly.  Based on the new documentation provided by the Taxpayer, the Service partially abated the assessments against him, as follows: 2000, $188,340.00; 2001, $60,852.00; 2004, $23,676.00.  Thus, the Service determined that the Taxpayer owes $436,934.95 in tax, interest, and penalties, as of September 12, 2011, for the 2000, 2001, and 2004 tax years.

On January 19, 1999, the Taxpayer and his spouse purchased a one story office building located at 113 Bonnie Lane, Louisville, Kentucky, for $169,000.00.  This property has a current tax assessed value is $211,560.00.  On March 7, 1991, the Taxpayer and his spouse purchased a parcel of real property located at 8214 Twin Lakes Court, Louisville, Kentucky, for $128,000.00.  Its current tax-assessed value is $173,670.

2

II.

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party establishes that no genuine issue of fact exists, the burden shifts to the non-moving party to set out "specific probative evidence" showing a genuine issue for trial. *Copeland v. Machulis*, 57 F.3d 476, 478-79 (6th Cir. 1995). Unsupported assertions and conclusory allegations are insufficient to overcome a motion for summary judgment. *FDIC v. Jeff Miller Stables*, 573 F.3d 289, 300 (6th Cir. 2009). If there is no genuine issues that require a trial, then judgment as a matter of law is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

III.

An assessment is the official recording of the Secretary of the Treasury's determination that a taxpayer owes particular taxes, including additions to tax, as imposed by the Internal Revenue Code. 26 U.S.C. § 6201, 6203; *see also Cohen v. Gross*, 316 F.2d 521, 522-23 (3d Cir. 1963). A certificate of assessments and payments is proof that tax assessments were actually made and establish the United States' *prima facie* case as to the taxpayer's liability. *United States v. Walton*, 909 F.2d 915, 918-19 (6th Cir. 1990). The burden then falls on the taxpayer to prove the contrary. *Id.* A taxpayer cannot meet this burden with "vague" or "general denials." *Id.; see also Liddy v. Comm'r of Internal Revenue Service*, 808 F.2d 312, 316 (4th Cir. 1982). Rather, the burden is on the taxpayer to rebut the presumption with convincing and credible evidence. *Flor D'Italia*, 536 U.S. at 242.

The Taxpayer has been assessed with unpaid income taxes, penalties and interest for the

3

2000, 2001, and 2004 tax years.  Notices of the tax assessments and demands for payment were properly sent to the Taxpayer.  The United States has submitted Certificates of Assessments, Payments, and Other Specified Matters (IRS Form 4340) as evidence of the assessments. Because the assessments set forth in the IRS Forms 4340 are presumptively correct, unless the Taxpayer can establish a genuine issue of material fact through specific evidence, the United States is entitled to summary judgment on its claim.

The Taxpayer presented no actual evidence which disputed the evidence of the Service. He promised evidence but presented none.  He argues but presents no valid evidence concerning his proper notice of deficiency.  After application of all credits, payments, and abatements, Smith is indebted to the United States for unpaid income tax liabilities for the 2000, 2001 and 2004 tax years in the amount of $436,934.95, plus statutory additions, including interest, accruing from and after September 12, 2011, until paid.

IV.

The Taxpayer and his spouse jointly own 113 Bonnie Lane, a one story office building, and 8214 Twin Lakes, a residential property (together "the Properties").  The federal tax liens attach to the Taxpayer's interest in 113 Bonnie Lane and 8214 Twin Lakes Court.  *See* 26 U.S.C. § 6213.

Federal judges have only limited discretion to refuse to order the sale of properties under 26 U.S.C. § 7403.  *See United States v. Rodgers*, 461 U.S. 677, 709-11 (1983).  This discretion "should be exercised rigorously and sparingly, keeping in mind the government's paramount interest in prompt and certain collection of taxes."  *Rodgers*, 461 U.S. at 711.

If a non-debtor third-party jointly owns a property with the debtor, courts should apply a

4

four-balancing test set forth in *Rodgers* to determine if foreclosure would be appropriate (or not). *United States v. Barr*, 617 F.3d 370, 375-76 (6th Cir. 2010). On balance, the *Rodgers* factors all weigh in favor of a sale of 8214 Twin Lakes and 113 Bonnie Lane.

## A.

The first *Rodgers* factor is "the extent to which the Government's financial interests would be prejudiced if it were relegated to a forced sale of the partial interest actually liable for the delinquent taxes." *Rodgers*, 461 U.S. at 711. The Government's interest in collecting delinquent taxes is paramount. *Id.* If the sale is necessary to protect the United States' "paramount interest" in collecting unpaid taxes, then the property should be sold. *E.g., Internal Revenue Service v. Wells*, No. 1:05-CV-146, 2007 WL 2712930, at *8 (W.D. Ky. 2007); *see also United States v. Buaiz*, No. 3:07-87, 2011 WL 3608585, at *6-*7 (E.D. Tenn. Aug. 16, 2011).

Therefore, this factor strongly weighs in favor of ordering the sale of the Properties. Without the sale of 8214 Twin Lakes and 113 Bonnie Lane, the United States may have difficulty recovering the amounts the Taxpayer owes. In comparison, in the absence of the sale, the United States would possess only "the debtor-spouse's right of survivorship, subject only to the possibility that the non-debtor spouse will outlive the debtor-spouse, in which case the holder of the right of survivorship takes nothing." *In re Brumbaugh*, 260 B.R. 605, 608 (Bankr. W.D. Ky. 2000); *Raybro Elec. Supplies, Inc. v. Barclay*, 813 F.Supp. 1267, 1269 (W.D. Ky. 1992).

## B.

The second *Rodgers* factor is whether "the third party with a non-liable separate interest in the property would . . . have a legally recognized expectation that separate property would not be subject to forced sale by the delinquent taxpayer or his or her creditors." *Rodgers*, 461 U.S. at

5

683.

The Taxpayer's spouse does not have a "legally recognized expectation" that the Properties would not be subject to a forced sale. A "legally recognizable expectation" does not exist if a state court has authority to partition property held in a tenancy in the entirety. *See United States v. Buaiz*, 2011 WL 3608585, at *8. In Kentucky, a property held in a tenancy by entirety can be subjected to a forced sale due to the debts of one spouse. *See Peek v. Com. Office of Workers' Claims, Uninsured Employers' Fund*, 2008 WL 1991698, *2 (Ky. App. 2008). Federal law is also clear that "federal tax liens attach to tenancies in the entirety." *See United States v. Barczyk*, No. 10-1498, 2011 WL 3624947, at *2 (6th Cir. Aug. 17, 2011) (citing *United States v. Craft*, 535 U.S. 274, 288 (2002). The Supreme Court has clearly held that district courts have authority to foreclose on the property. *Rodgers*, 461 U.S. at 683. Thus, the Taxpayer's spouse could not have reasonably anticipated that the Properties would not be subject to a forced sale.

C.

The third factor is "the likely prejudice to the third party, both in personal dislocation costs and . . . practical undercompensation." This factor envisions some special circumstances or prejudice that would result to the third party if the sale occurred. *United States v. Bierbrauer*, 936 F.2d 373, 376 (8th Cir. 1991).

Here, no evidence has been presented suggesting that the Taxpayer's spouse would suffer any special circumstances or unique prejudice from the sale of the office building located at 8214 Twin Lakes or of the residence located at 113 Bonnie Lane. Rather, in both instances, the Taxpayer's spouse will be fully compensated with the proceeds of half of each sale. Thus, any

6

hardship to the non-debtor spouse is far outweighed by the "Government's paramount interest in collecting taxes." *United States v. Register*, 717 F.Supp.2d 517, 527 (E.D. Va. 2010).

D.

The final *Rodgers* factor that a court may consider is "the relative character and value of the non-liable and liable interests held in the property." *Rodgers*, 461 U.S. at 711. In evaluating this factor, courts consider whether the nondebtor co-owner possesses "a substantially greater possessory or fee interest than the delinquent taxpayer's interest." *Bierbrauer*, 936 F.3d at 376. If not, foreclosure is appropriate. *Id.*

This factor also weighs in favor of foreclosure. The Taxpayer and his spouse possess a tenancy by the entirety in 8214 Twin Lakes and 113 Bonnie Lane. By virtue of this arrangement, both possess an equal share in the property. Thus, the Taxpayer's spouse does not possess a substantially greater possessory or fee interest that would render the sale unreasonable.

The Taxpayer does not offer any legally viable reasons for denying foreclosure. Consequently, the Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record